968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary RIOS, individually and as next friend and mother, and
as Administratrix of the Estate of Mark Rios,
deceased, Plaintiff-Appellee, Cross-Appellant
v.
Eddie STUPKA, police officer and employee of the City of
Oklahoma City, through the Oklahoma City Police Department,
and
The City of Oklahoma City, Defendant-Appellant, Cross-Appellee.
 Nos. 91-6151, 91-6166.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1992.
 
 Before MOORE, ENGEL* and TACHA, Circuit Judges.
 ORDER AND JUDGMENT**
 ENGEL, Circuit Judge.
 
 
 1
 This appeal arises out of an award of attorneys' fees pursuant to 42 U.S.C. § 1988. On appeal, Mary Rios argues that the district court abused its discretion in reducing plaintiff's request for attorneys' fees. Rios also contends that the district court abused its discretion by failing to conduct a formal hearing on plaintiffs' claim for attorneys' fees. Cross-appellant the City of Oklahoma raises two arguments. They assert that the plaintiff was not entitled to an award of expert witness fees or an award for attorneys' fees and costs. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 
 
 2
 We review an award of attorneys' fees under 42 U.S.C. § 1988 under an abuse of discretion standard. See Hensley v. Eckerhart, 461 U.S. 424 (1983). In Hensley, the Supreme Court formulated a the following guidelines for determining a reasonable attorney fee under § 1988: (1) the plaintiff must be a prevailing party; (2) "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," reducing the award if the documentation of hours is inadequate and excluding hours that were not expended reasonably, id. at 433-34; (3) and then adjust the fee upward or downward depending on the results obtained, id. at 434.
 
 
 3
 In Ramos v. Lamm, 713 F.2d 546 (10th Cir.1983), we stated that "[w]hen examining the hours reported for tasks that are properly billable, the district court should evaluate the hours spent on each task to determine their reasonableness." Id. at 554. We also announced that "the district court should give particular attention to the possibility of duplication," id., and in determining a reasonable hourly rate, the district court must "determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." Id. at 555. We concluded that "[i]f a plaintiff does not prevail on all claims for relief, the court must determine whether an adjustment is necessary." Id. at 556. After reviewing the record in this case, we conclude that the district court followed the guidelines set forth in Hensley and Ramos and did not abuse its discretion in determining the fee in this case.[1]
 
 
 4
 Cross-appellants contend that Rios was not entitled to any award of attorneys' fees because she was not the prevailing party under § 1988. Cross-appellants argue that because Rios only received a fraction of the award she was seeking, her recovery was de minimis and did not affect the legal relationship between the parties. We disagree. Although the jury awarded a much smaller amount than the plaintiff requested, the reward unequivocally altered the legal relationship between the parties. See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782 (1989). Further, "[t]he amount of the monetary recovery is not as significant as the policy being vindicated." Ramos, 713 F.2d at 557. Therefore, we conclude that the plaintiff was a prevailing party under § 1988 and was entitled to reasonable attorneys' fees.
 
 
 5
 Finally, cross-appellants argue that the district court erred in awarding appellant's expert witness fee. Since the district court's decision, the Supreme Court addressed this issue in West Virginia University Hospital, Inc. v. Casey, 111 S.Ct. 1138 (1991), and held that expert witness fees could not be shifted to the losing party under § 1988. Rios agrees that she cannot recover expert witness fees under § 1988 after Casey. However, Rios argues that because Congress amended § 1988 to provide for expert witness fees, she is now entitled to the district court's award. We disagree. Section 1988(c) provides that "[i]n awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee." The plain language of § 1988(c) demonstrates that it applies only to actions brought under § 1981 or § 1981a. Because this action was brought pursuant to § 1983, Rios is not entitled to an expert witness fee. Accordingly, we reverse the district court's award of the expert witness fee.
 
 
 6
 We AFFIRM IN PART, REVERSE IN PART, and REMAND for the district court to vacate its award of the expert witness fee.
 
 
 
 *
 The Honorable Albert J. Engel, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After reviewing the record and the district court's opinion, we also conclude that the district court did not abuse its discretion when it did not conduct a full hearing on the question of attorneys' fees. The district court's well-supported opinion clearly demonstrates that the court had all of the necessary information before it and carefully considered the arguments of both parties